United States District Court
Middle District of Florida
Jacksonville Division

JED LINEBERRY,
AND TWILA LINEBERRY,

    Plaintiffs,

v.                                              NO. 3:23-cv-1442-HES-LLL

COPART, INC. HEADQUARTERS,
D/B/A COPART OF CONNECTICUT, INC.,
AND ADVANCE MOTORS LLC,

    Defendants.
_____

### Notice to Plaintiffs

This is before the Court sua sponte. Review of the case indicates plaintiffs are proceeding pro se. Because plaintiffs are proceeding pro se, the Court will inform them of some, but not all, of the procedural rules with which they must comply. The Court reminds plaintiffs of these obligations because a pro se litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure (sometimes referred to as "Fed. R. Civ. P.") and the Local Rules of the United States District Court for the Middle District of Florida.[1] *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

---

[1] Plaintiffs are reminded that all filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules. The Local Rules are available for review on the public website for the Middle District of Florida at www.flmd.uscourts.gov (under the tab titled, "For Lawyers") and a copy may be obtained by visiting the Clerk's Office.

Plaintiffs shall familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. All documents filed with the Court must be in the form of a pleading, *see* Fed. R. Civ. P. 7(a), a motion, *see* Fed. R. Civ. P. 7(b), a response, or a notice. A pleading is the complaint and any amended complaint, as well as the answer to the complaint and any amended answer to the complaint. A motion is any document in which a party asks the Court to do something. A response is any document responding to a motion by another party or an order directing a response to a matter. A notice is any document in which a party provides pertinent information without asking the Court for something. Each pleading, motion, notice, or other paper shall be presented in a separate document (except for motions and memoranda of law; those must be together in one document).

Plaintiffs must timely respond to the motions filed by other parties in this case because if plaintiffs do not timely respond to such a motion, the Court may assume that plaintiffs do not oppose that motion and any relief requested by the motion.[2] Local

---

Also, on the Court's website (www.flmd.uscourts.gov) under the tab titled, "For Litigants," there is a section titled "Litigants without Lawyers." In this section, there are many resources available to pro se parties, including a handbook called "Guide for Proceeding without a Lawyer." If plaintiffs do not have access to the internet, one free copy of the handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

[2] Motions that plaintiffs must respond to include, but *are not limited to*, discovery motions under Fed. R. Civ. P. 37, motions to dismiss under Fed. R. Civ. P. 12(b), and motions for summary judgment under Fed. R. Civ. P. 56.

Rule 3.01(c) provides that any brief or legal memorandum in opposition to most motions must be filed within 14 days after plaintiffs are served with that motion by their opponent.[3] If a party has missed a filing deadline, the party must file a motion seeking leave of Court to file the document out of time.

Plaintiffs shall not correspond with the Court or any Judge of the Court in letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must include a caption (the same as is set forth on the complaint); a brief title that describes the nature of the document; plaintiff's name and signature; and a certificate of service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court must bear an original signature, or they will be rejected by the Court. Among other things, that signature serves as plaintiffs' certification, pursuant to Fed. R. Civ. P. 11(b), that the document is not submitted for any improper purpose; that the claims or defenses

---

[3] A party may respond to a motion to dismiss, for judgment on the pleadings, for summary judgment, to exclude or limit expert testimony, to certify a class, for a new trial, or to alter or amend the judgment within 21 days after service of the motion. Local Rule 3.01(c).

presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Plaintiffs are advised to review and become familiar with Fed. R. Civ. P. 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines or dismissal of the case.

All pleadings, motions, or other papers filed with the Court must also include a signed certificate of service. The certificate of service is confirmation that plaintiffs have complied with the requirements of Fed. R. Civ. P. 5 by serving on every other party to the action (or their attorneys) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a certificate of service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

As previously mentioned, all requests for relief from, or action by, the Court must be in the form of a motion. If plaintiffs seek any relief from, or action by, the Court, or seek the entry of an order of any kind, plaintiffs must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules, including the Local Rules and the Federal Rules of Civil Procedure. All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested. *See* Local Rule 3.01(a). However, the motion and memorandum shall be filed as one single document and cannot exceed twenty-five pages (25) in length. *See id.* Further, plaintiffs are advised that prior to filing most motions, Local Rule

3.01(g) requires that they confer with opposing counsel in a good faith attempt to resolve the issue. Plaintiffs must include a certification in the motion that they have complied with this requirement and shall also notify the Court whether the parties agree on the relief requested. The Court would note that Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court. The failure to comply with these requirements or any other rule may result in the denial of the motion.

Plaintiffs are also cautioned that they must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including dismissal of this case. Plaintiffs are reminded that, although they are proceeding pro se, they are not relieved of all of the obligations that rest upon an attorney. There are still many requirements with which plaintiffs must comply, including those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiffs are warned that the failure to comply with these requirements and obligations can have significant consequences. For example, failure to respond to discovery requests as described in the rules may result in sanctions. *See* Fed. R. Civ. P. 37. In addition, failure to conduct a timely Case Management Conference and submit a Case Management Report can result in dismissal of this case for lack of prosecution. *See* Local Rules 3.02, 3.10.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting plaintiffs' duties and obligations in litigating this case.

The Court also encourages plaintiffs to consider consulting with a legal aid organization such as Jacksonville Area Legal Aid (JALA). Additionally, the Jacksonville Federal Court Bar Association operates a Legal Information Program in which pro se litigants may meet with a lawyer for free to ask general questions. Plaintiffs may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts/gov/legal-information-program.

Plaintiffs shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, Local Rules of the Middle District of Florida, and any applicable statutes and regulations.

**Entered** in Jacksonville, Florida on December 19, 2023.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Jed Lineberry, pro se plaintiff
    P.O. Box 550956
    Jacksonville, FL, 32216
Twila Lineberry, pro se plaintiff
    P.O. Box 550956
    Jacksonville, FL 32216